# Court of Appeals, State of Michigan

# ORDER

The Walt Disney Company v Rachael Eubanks

Docket No. 360291

LC No. 2021-189464-CZ

Christopher P. Yates
Presiding Judge

Kathleen Jansen

Deborah A. Servitto
Judges

---

Dine Brands Global Inc v Rachael Eubanks

Docket No. 360293

LC No. 2021-189420-CZ

---

The motions for reconsideration filed in each of these consolidated matters are GRANTED under MCR 7.215(I) regarding amendment of the opinion only. The Court orders that the opinion on remand issued November 9, 2023 is hereby VACATED, and a new opinion is attached.

Reconsideration is DENIED in all other respects.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 11, 2024
Date

_____
Chief Clerk

# STATE OF MICHIGAN

# COURT OF APPEALS

THE WALT DISNEY COMPANY,

        Plaintiff-Appellee,

v

RACHAEL EUBANKS,

        Defendant-Appellant.

UNPUBLISHED
January 11, 2024

No. 360291
Oakland Circuit Court
LC No. 2021-189464-CZ

---

DINE BRANDS GLOBAL, INC.,

        Plaintiff-Appellee,

v

RACHAEL EUBANKS,

        Defendant-Appellant.

No. 360293
Oakland Circuit Court
LC No. 2021-189420-CZ

---

ON REMAND, ON RECONSIDERATION

Before: YATES, P.J., and JANSEN and SERVITTO, JJ.

PER CURIAM.

These cases have been consolidated on remand by the Michigan Supreme Court. *Dine Brands Global, Inc v Eubanks*, ___ Mich ___; 994 NW2d 771 (2023) (Docket Nos. 165391; 165392). In both cases involving the escheat of unclaimed property under the Uniform Unclaimed Property Act (UUPA), MCL 567.221 *et seq.*, defendant, Rachael Eubanks, Michigan State Treasurer, appealed the trial court orders granting summary disposition to plaintiffs, the Walt Disney Company and Dine Brands Global, Inc., which enjoined defendant from requiring plaintiffs to report and remit unclaimed accounts payable checks to Michigan vendors and nonvendors as well as unclaimed wages to Michigan residents for certain periods of time. *The Walt Disney Co v Eubanks*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360291); slip op at 1; *Dine*

*Brands Global, Inc v Eubanks*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360293); slip op at 1.

Defendant argued in both appeals that the trial court erred in determining that the "examination" conducted by defendant was not an "action or proceeding" under MCL 567.250(2), and therefore the statute of limitations barred defendant's claims. *The Walt Disney Co*, ___ Mich App at ___; slip op at 1; *Dine Brands Global*, ___ Mich App at ___; slip op at 1. After an analysis of statutory interpretation, we concluded in both cases that

> [a]n examination is not an "action or proceeding," which halts the statute of limitations. Therefore, the trial court properly granted plaintiff[s] summary disposition under MCR 2.116(C)(7) because defendant's claims for remittance of unclaimed accounts payable checks and unclaimed wages were time-barred. [*The Walt Disney Co*, ___ Mich App at ___; slip op at 6; *Dine Brands Global*, ___ Mich App at ___; slip op at 6.]

Defendant filed applications for leave to appeal in both cases in the Michigan Supreme Court, which held as follows:

> Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND these cases to the Court of Appeals to determine, assuming that an examination is a "proceeding" for purposes of MCL 567.250(2): (1) whether the commencement of the examination tolled the statute of limitations in MCL 567.250(2); and (2) whether the Treasurer must still file a lawsuit within the applicable time frame to avoid the lawsuit being time barred. [*Dine Brands Global*, ___ Mich at ___.]

Operating under the assumption mandated by the Supreme Court's remand order, we conclude that the trial court erred when it granted summary disposition to plaintiffs.

The Supreme Court's remand order requires this Court to conduct an examination of the UUPA. Doing so requires the Court to begin with the plain language of the statute. *Scugoza v Metropolitan Direct Prop & Cas Ins Co*, 316 Mich App 218, 223; 891 NW2d 274 (2016). If that language is unambiguous, then the statute must be enforced as written. *Id*. A reviewing court must read the statute as a whole, with effect given "to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

Under the UUPA, any property held, issued, or owed in the ordinary course of business that remains unclaimed by the owner for more than five years after it becomes payable or distributable is presumed abandoned. *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483, 492-493; 776 NW2d 387 (2009), citing MCL 567.223(1). Once the property is presumed abandoned, it is subject to custody of the state as unclaimed property. *Id*. at 493. The holder of the abandoned property must send written notice to the property's owner, then report the property and remit it to the state. MCL 567.238(1), (5); MCL 567.240(1). Plaintiffs are considered "holders" under the UUPA. See MCL 567.222(i)(*i*). Holders are required to maintain records of the name and last known address of property owners for 5 or 10 years, depending on the type of transaction at issue. MCL 567.252.

Defendant, the administrator in this case, "may examine the records of a person to determine whether the person has complied with" the UUPA. MCL 567.251(2). The examination may, as occurred here, be conducted by defendant's agent(s). MCL 567.251(4). There is no time limit for conducting an examination. Administrative rules promulgated by defendant anticipate that an examination can involve a remediation process that can extend the time of the examination. Mich Admin Code, R 567.13-567.14. Stated otherwise, an "examination" authorized under the UUPA can be a lengthy process, as was the case here, and the process lacks express temporal limits.

Following an examination, if defendant "determines that a holder has failed to report or deliver to the administrator unclaimed property as required by this act, the administrator shall mail to the holder by certified or registered mail a notice of examination determination, which shall include the property deliverable." MCL 567.251a(1). This notice serves as the "decision" of defendant and may be challenged in circuit court by the holder, within 90 days after the decision is mailed to the aggrieved holder. *Id.* Alternatively, the holder may begin an administrative appeal process that culminates in an additional 90-day period to file an action in circuit court, if the holder is still aggrieved following the outcome of the administrative appeal process. MCL 567.251a(2)-(13).

Turning to the section of the statute at issue on remand, the UUPA contains a limitation on "actions and proceedings." The statute at issue, MCL 567.250(2), provides that:

> Except as otherwise provided in subsection (3),[1] an action or proceeding shall not be commenced by the administrator with respect to any duty of a holder under this act more than 10 years, or, for the holder of records of transactions between 2 or more associations as defined under section 37(a)(2), more than 5 years, after the duty arose.

The Court is to assume, on remand, that the "examinations" conducted in these cases were "proceedings" for purposes of MCL 567.250(2). Hence, this Court must assume one of the two actions that must be taken within the pertinent timeframes—an "action *or* proceeding"—occurred in these cases when defendant began the examinations.

The Supreme Court next asked this Court to decide whether the examination tolled the statute of limitations in MCL 567.250(2). However, we conclude that tolling is unnecessary in this case, in light of the assumption under which this Court must operate, i.e., that an examination is a "proceeding." Indeed, MCL 567.250(2) only requires that an action *or* a proceeding be commenced within the applicable time period. "The Legislature's use of the disjunctive word 'or' indicates an alternative or choice between two things." *Pike v Northern Mich Univ*, 327 Mich App 683, 697; 935 NW2d 86 (2019) (citation and quotation marks omitted). Here, that means that the Legislature expressed its intent that, within the period of limitations, defendant could choose to either: (1) begin an examination/proceeding; *or* (2) commence an action. If this Court must assume

---

[1] MCL 567.250(3) provides a shorter limitations period and it applies for holders who participated in a "streamlined audit" described elsewhere in the statute. See MCL 567.251b. Plaintiffs in these cases did not participate in a "streamlined audit."

that an action is a "proceeding," then it has to conclude that defendant took one of two permissible actions during the appropriate timeframes, making defendant's actions timely under MCL 567.250(2). And if the "proceeding" began in a timely fashion, then the question of tolling becomes irrelevant. Indeed, there is no need to consider the issue of tolling if the statute has been satisfied by defendant's commencement of a "proceeding" under the statute.

Expanding on the above, defendant began examinations against each plaintiff in 2013, at a time when the limitations period had not expired. Defendant finished the examination and entered final decisions that could be appealed in circuit court under MCL 567.251a. Plaintiffs challenged those final decisions in circuit court. However, rather than challenging the merits of those decisions, as contemplated by MCL 567.251a, plaintiffs asked the circuit court to bar defendant from enforcing those decisions for the reason that the statute of limitations had expired. Importantly, however, they did not argue that the statute of limitations expired for the start of the examination. Rather, they argued that defendant should not be permitted to enforce the (timely—given the assumption that an examination is a "proceeding") decisions. To allow plaintiffs to assert the statute of limitations as a defense against administrative decisions that began as timely examinations should not be permitted under the statute.

Stated otherwise, once the examinations began in a timely fashion—and assuming that examinations were "proceedings," as directed by the Supreme Court's remand order—the question about compliance with the statute of limitations is complete. Defendant complied with the statute of limitations when it started the examinations within the applicable time period. MCL 567.251a allowed defendant to issue final decisions at the end of those timely examinations, which defendant did. Plaintiffs were allowed to, and did, file timely actions to challenge those timely examinations. Any questions about tolling are not pertinent.

Moreover, it should be noted that defendant did not need to take any additional action, aside from issuing its final decision under MCL 567.251a. And there is no statutory time limit for issuing an initial decision under MCL 567.251a.

The above paragraph leads to the second question asked by the Supreme Court's remand order: "whether the Treasurer must still file a lawsuit within the applicable time frame to avoid the lawsuit being time-barred." Again, it does not appear that defendant must file a lawsuit. MCL 567.251a allows defendant to issue a final decision after determining that a holder has failed to deliver unclaimed property required by the act. The burden, and obligation, of challenging that decision is then placed on the holder under MCL 567.251a(1). In other words, the administrative decision issued by defendant represents a final administrative decision with which the holder must comply, and any challenge to that decision must be initiated by the holder.

With respect to defendant's ability to file actions under the UUPA, it should be noted that the UUPA provides a mechanism for defendant to file actions in circuit court. Under MCL 567.253, defendant, as the administrator of the UUPA, see MCL 567.222(a), "may bring an action in a court of competent jurisdiction to enforce this act." The statute does not require, however, that defendant bring an action to enforce a decision issued by defendant under MCL 567.251a(1). Rather, as noted, it is the obligation of a holder to challenge the final administrative decision issued by defendant under MCL 567.251a(1). Again, the UUPA does not require defendant to file an action to compel payment by a holder after an examination reveals that a holder failed to remit the

necessary property under the act. See MCL 567.251a. Hence, to answer the Supreme Court's second question, the UUPA does not require defendant to file a lawsuit, nor does the statute require defendant to file a lawsuit within the time period set forth in MCL 565.250(2) in cases where an examination began in a timely fashion.

Because summary disposition in favor of plaintiffs was inappropriate, the trial court's opinions and orders in both cases are therefore vacated, and this matter is forwarded to the Supreme Court for further consideration as provided in its remand order retaining jurisdiction. *Dine Brands Global*, ___ Mich at ___.

/s/ Christopher P. Yates
/s/ Kathleen Jansen
/s/ Deborah A. Servitto